**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

NATIONAL ELECTRICAL BENEFIT FUND, )
2400 Research Boulevard, Suite 500 )
Rockville, Maryland 20850, )
)
Plaintiff, )
)
v. ) Civil Action No. 8:16-cv-1184
)
ALLRAN/HEMMER ELECTRIC, LLC )
a Delaware limited liability company, )
c/o Business Filings Inc., Registered Agent )
108 West 13th Street )
Wilmington, DE 19801, )
)
Defendant. )
)

## COMPLAINT

1. This is an action brought by the Trustees of a multiemployer pension plan, the National Electrical Benefit Fund (hereinafter the "NEBF"), to collect delinquent contributions and related sums from Defendant Allran/Hemmer Electric, LLC, an employer obligated to contribute to the NEBF pursuant to the provisions of a collective bargaining agreement and the NEBF plan documents.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e). Plaintiffs are fiduciaries to the NEBF and this action arises under Sections 502(a)(3)

and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145. Venue is proper because the NEBF is administered within this district. ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

3. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

**PARTIES**

4. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5. Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

6. Upon information and belief, Defendant is a Delaware limited liability company whose main place of business is 3941 Penn Belt Place, District Heights, Maryland 20747, but whose mailing address is c/o Business Filings Inc., Registered Agent, 108 West 13th Street, Wilmington, Delaware 19801.

**STATEMENT OF CLAIM**

7. Defendant is a signatory, and has been a signatory continuously during all relevant periods, to one or more collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW Local Union 26 as the collective bargaining representative of Defendant's employees. Pursuant to the Collective Bargaining Agreements, Defendant has been and is currently obligated to submit contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements.

8. Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

9. The NEBF Trust Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions. In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, audit fees, and all costs and attorneys' fees, incurred in collecting the delinquency.

10. According to audits of Defendant's books and records conducted by NEBF auditors in 2014 and 2015, NEBF learned that Defendant underpaid the NEBF by at least $11,595.49 for work performed by its employees covered by the Collective Bargaining Agreements during the periods of December 2013 and December 2014. Of that amount, Defendant paid $7,640.50, leaving an outstanding principal balance of $3,954.99.

11. Interest (calculated at the rate of 10% per annum through the present) on the aforementioned delinquent NEBF contributions is equal to $1,995.18.

12. Liquidated damages (calculated at the rate of 20%) on the aforementioned delinquent NEBF contributions are equal to $2,319.10.

13. The cost to the NEBF of the aforementioned audits, which cost is to be borne by Defendant, was $480.00.

14. NEBF has incurred attorney’s fees and costs in connection with its attempt to collect the delinquent contributions.

15. Despite Defendant’s breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to NEBF participants employed by Defendant, upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute. This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

16. Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents. 29 U.S.C. § 1145.

17. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

18. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment in their favor, and that the Court's judgment include:

(a) **$3,954.99**, representing the delinquent NEBF contributions for the periods of 2013 and 2014;

(b) **$1,995.18**, representing interest due NEBF, calculated at the rate of 10% per annum of the delinquent contribution balance, compounded monthly through the date hereof;

(c) an order that interest shall accrue on all delinquent contributions at the rate of 10% per annum until paid in full;

(d) **$2,319.10**, representing liquidated damages in the amount of 20% of the delinquent NEBF contributions;

(e) **$600.00** in fees for the cost of the audits of Defendant's books and records;

(f) an award of all reasonable attorneys' fees and the costs of this action.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

Dated: April 20, 2016

*/s/*

Jennifer Hawkins
Federal Bar No. 13064
POTTS-DUPRE, HAWKINS & KRAMER, CHTD.
900 7th Street NW, Suite 1020
Washington, DC 20001-3888
Phone: 202-223-0888
Email: jhawkins@phk-law.com

*Attorneys for the*
*National Electrical Benefit Fund*