IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

NATIONAL ELECTRICAL BENEFIT
FUND

    Plaintiff,                              Case No.: GJH-16-1184

v.

ALLRAN/HEMMER ELECTRIC, LLC,

    Defendant.

*   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM OPINION

Pursuant to Fed. R. Civ. P. 55(b), Plaintiff National Electrical Benefit Fund ("NEBF") has filed a Motion for Default Judgment, with supporting declarations and exhibits, against Defendant Allran/Hemmer Electric, LLC to enforce their rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132 *et seq*. ECF No. 6. No hearing is necessary to resolve the Motion. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons that follow, Plaintiff's Motion is granted.

## I.    BACKGROUND

Plaintiff NEBF is a multi-employer "employee pension benefit plan" as that term is defined under ERISA, 29 U.S.C. § 1002(2). ECF No. 1 at ¶ 4. Defendant is an employer as defined by ERISA, 29 U.S.C. § 1002(5), and agreed to participate in the NEBF pursuant to a collective bargaining agreement with IBEW Local Union 26, the collective bargaining representative of Defendant's employees. *Id.* ¶ 5, 7. The collective bargaining agreement in turn binds Defendant to the terms and conditions of the Restated Employees Benefit Agreement and

Trust for the National Electrical Benefit Fund ("Trust Agreement"), which governs the administration of the NEBF. *Id.* ¶ 8.

Pursuant to said agreement, Defendant is required to submit contributions to the NEBF on behalf of covered employees. *Id.* ¶ 7. If the Defendant fails to make the required contributions, the Trust Agreement authorizes the Trustees to take all necessary actions to recover the delinquent contributions. *Id.* ¶ 9. It also authorizes the Trustees to recover interest on the delinquent contributions at 10% per year; liquidated damages in an amount equal to 20% of the delinquency; and any associated collection costs such as audit and attorney fees. *Id.* ¶ 9; *see also* ECF No. 6-3 at 7.[1]

Plaintiff brings this action pursuant to § 1132(a)(3) of ERISA, which allows a fiduciary to enforce Defendant's obligations to contribute to plans such as the NEBF through a civil action. ECF No. 1 ¶ 17. Plaintiff alleges that audits of Defendant's books and records in 2014 and 2015 revealed that Defendant had underpaid NEBF by at least $11,595.49 for work performed by covered employees. *Id.* ¶ 10. Defendants paid a portion of their delinquent contributions, leaving an outstanding principal of $3,954.99. *Id.* ¶ 10. Plaintiff also alleges that Defendants owe interest on the delinquent contributions in the amount of $1,995.18; liquidated damages of $2,319.10; audit costs of $480.00 and attorney's fees and costs of $1,535.40. *Id.* at ¶ 11-14; *see also* ECF No. 9 ¶ 9. Since the filing of the Complaint, the interest on the delinquent contributions has increased to $2,094.72. ECF Nos. 6 ¶ 9 & 6-2 ¶ 8.

Plaintiff initiated the present action on April 20, 2016. ECF No. 1. On June 8, 2016, Plaintiff filed a Motion for Clerk's Entry of Default, ECF No. 5, and an Order of Default was entered by the Clerk of the Court against Defendant on July 21, 2016. ECF No. 7. Plaintiff filed a

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Motion for Default Judgment on June 8, 2016, ECF No. 6, and upon request, provided the Court with supplemental affidavits on December 19, 2016 and January 3, 2017. ECF Nos. 9 & 11. To date, Defendant has failed to submit any pleadings to this Court regarding the claims at issue.

Venue in this Court is proper as federal courts have jurisdiction over ERISA claims and the NEBF is administered within this district. *See* 29 U.S.C. § 1132(e)(2).

## II.    STANDARD OF REVIEW

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment: rather, that decision is left to the discretion of the court." *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at * 2 (D. Md. Oct. 25, 2011) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir.1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). Rule 54(c) of the Federal Rules of Civil Procedure limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In entering default judgment, a court cannot, therefore, award additional damages "because the defendant could not reasonably have expected that his damages would exceed th[e] amount [plead in the complaint]." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Management Dynamics,*

*Inc.*, 515 F.2d 801, 814 (2nd Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd

Cir. 1981)). While the Court may hold a hearing to prove damages, it is not required to do so; it

may rely instead on "detailed affidavits or documentary evidence to determine the appropriate

sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857

(5th Cir. 1979)); *see also Laborers' District Council Pension. et al. v. E.G.S., Inc.*, No. WDQ–

09–3174, 2010 WL 1568595, at \*3 (D. Md. Apr.16, 2010) ("[O]n default judgment, the Court

may only award damages without a hearing if the record supports the damages requested.").

## III.   DISCUSSION

### A.  Liability

In considering a Motion for Default Judgment, the Court accepts as true the well-pleaded

factual allegations in the Complaint as to liability, but nevertheless "must determine whether

[those] allegations . . . support the relief sought in th[e] action." *Int'l Painters & Allied Trades

Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 685 (D. Md.

2013) (citation and internal quotation marks omitted). In the Complaint, NEBF alleges that

Defendant, in contravention of the Trust Agreement, underpaid NEBF by at least $11,595.49 for

work performed by covered employees between January 2013 and December 2014. ECF No. 1 ¶

10; ECF No. 6-2 ¶¶ 4-5.[2] The Affidavit of Angel Losquadro, Director of the Audit and

Delinquency Department of the NEBF, and accompanying audit reports, further establish that

Defendant underpaid NEBF by the above-referenced amount.   ECF Nos. 6-2; 6-4 & 6-5.

ERISA states that "[e]very employer who is obligated to make contributions to a

multiemployer plan under the terms of the plan or under the terms of a collectively bargained

agreement shall, to the extent not inconsistent with law, make such contributions in accordance

---

[2] The Complaint appears to mistakenly state that the debts were incurred for work completed in only December 2013 and December 2014. ECF No. 1 ¶ 10. However, the documentation attached to the Motion for Default Judgment clearly states that the unpaid contributions accumulated based on work completed from January 2013 through December 2014. ECF No. 6-2 ¶¶ 4-5; *see also* ECF Nos. 6-4 & 6-5.

with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see also* 29 U.S.C. § 1132(g) (providing that employers who fail to timely make contributions are liable in a civil action for, inter alia, unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs of the action). ERISA therefore "'provide[s] trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent contributions.'" *Int'l Painters,* 919 F. Supp. 2d at 685–86 (quoting *Laborers Health & Welfare Trust Fund for Northern Cal. v. Advanced Lightweight Concrete Co.,* 484 U.S. 539, 541 (1988)). Thus, assuming the truth of the well-pleaded allegations in the Complaint, Plaintiff has established Defendant's liability for failure to pay the contributions as required under the Trust Agreement.

### B.  Relief

#### 1.  Damages

Plaintiffs now seek damages pursuant to ERISA, 29 U.S.C. § 1132(g)(2), and their Trust Agreement. "When a plaintiff prevails in an ERISA action to enforce the payment of delinquent contributions due to an employee benefit plan, the court *shall* award the plan: (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate." *Bd. of Trustees of Operating Engineers Local 37 Ben. Fund v. Fraternal Order of Eagles Cumberland No. 245,* No. WDQ-09-3123, 2010 WL 4806975, at *3 (D. Md. Nov. 18, 2010)(emphasis in original).

The Court is, of course, limited in the amount of damages it may award in a default judgment by Rule 54(c). Under that rule, the award may not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Although the damages sought in Plaintiff's Motion for Default Judgment differ slightly in dollar amount than those sought in Plaintiff's Complaint, this Court recently recognized:

> Where a complaint demands a specific amount of damages *and* unspecified additional amounts, . . . so long as a defendant has notice that additional unspecified damages may be awarded if the case proceeds to judgment, general allegations in the complaint may suffice to support default judgment in an amount that is proven, either by way of exhibits, affidavits, and other documentation in support of a motion for default judgment, or at a hearing.

*Tr. of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. GJH-15-521, 2016 WL 297425, at *5 (D. Md. Jan. 21, 2016) (emphasis in original). Indeed, "the purpose of Rule 54(c)'s prohibition on damages that 'exceed in amount' or 'differ in kind' from that sought in the complaint is to allow the defendant to be able to 'decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action.'" *Id.* (quoting 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2663 (3d ed. 1998)). Thus, Rule 56(c) "does not preclude an award of damages that accrued during the pendency of the action [where] such damages were explicitly requested in the complaint, and sufficiently established by the affidavits submitted by plaintiffs." *Id.* (quoting *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005)). In those circumstances, a defendant is "put on notice that [the] plaintiff was seeking such damages when defendant was served with the complaint" and "[t]hat notice was renewed when defendant was served with [the plaintiff's] motion for default judgment . . . ." *Id.* (quoting *Ames*, 227 F.R.D. at 362).

Here, Plaintiff seeks judgment against Defendant in an amount totaling $10,384.21, broken down as follows: $3,954.99 in delinquent contributions; $2,094.72 in interest; $2,319.10

in liquidated damages; $480.00 in audits fees and $1,535.40 in attorney's fees and costs.  ECF
No. 6 ¶ 9. Plaintiff further seeks any additional fees and costs incurred by NEBF in connection
with the enforcement of the judgment and interest on all amounts awarded. *Id.*

In their Complaint, Plaintiffs stated that their requested relief included accumulated
interest and reasonable attorney's fees and costs. ECF No. 1 at 5. Defendant, accordingly, had
notice at the time the Complaint was filed that failure to defend the action could result in a
judgment, that in addition to the specific dollar amounts listed, would also include accumulating
interest as well as attorneys' fees and costs. Thus, "[t]he damages sought by Plaintiffs in their
Motion for Default Judgment do not 'differ in kind' or 'exceed in amount' that plead for in the
Complaint; rather under the plain language of that provision, the damages Plaintiffs request in
their Motion are precisely the damages plead for in the Complaint, notwithstanding that the total
amount of those damages has increased since the time this action was initiated." *Harvey*, 2016
WL 297425, at *6.

In support of their request for contributions owed under the Trust Agreement, Plaintiff
submits the  Affidavit of Angel Losquadro, Director of the Audit and Delinquency Department
of the NEBF, and audit reports conducted by an independent auditor in 2014 and 2015. ECF
Nos. 6-2; 6-4 & 6-5.  Losquadro attests that pursuant to the Trust Agreement, NEBF is
authorized to recover interest on delinquent contributions at 10% per year; liquidated damages in
an amount equal to 20% of the delinquency; and any associated collections costs such as audit
and attorney fees. ECF No. 6-2 at 3.  He further attests, and the attached audit reports reflect, that
Defendant underpaid NEBF in the amount of $10,211.27 for work performed by Defendant's
covered employees between January 1, 2013 and December 31, 2013, and by $1,384.22 for work
performed between January 1, 2014 and December 31, 2014. *Id.* ¶¶ 4-5. Defendant made seven
incremental payments towards their outstanding balance, leaving a remaining principal balance

of $3,954.99 in unpaid contributions. *Id.* ¶ 6. In addition, since the initiation of the suit, interest on the delinquent contributions had increased to $2,094.72. *Id.* ¶ 9. Losquadro's calculations are supported by the attached documentation. ECF Nos. 6-4, 6-5 and 6-6. The record therefore substantiates Plaintiff's request for delinquent contributions, interest and liquidated damages.

### 2. Attorneys' Fees and Costs

Reasonable attorneys' fees and costs are available under ERISA, 29 USC § 1132(g)(2), and the Trust Agreement. ECF No. 6-3 at 7. In support of their claim for attorneys' fees, Plaintiff submits the declaration of their attorney, Jennifer Bush Hawkins, along with a chart specifying her hourly billing. ECF No. 9. These materials indicate that Hawkins spent 2.6 hours on this case on behalf of Plaintiff, at a rate of $379.00 per hour. *Id.* ¶¶ 4-5. Hawkins further attests that she has been a member of the bar for twenty-two years and a member of the firm Potts-Dupre, Hawkins & Kramer, Chtd. for 13 years. *Id.* ¶ 2.

Local Guidelines note that a reasonable rate for lawyers admitted to the bar for more than 20 years is between $300 and $475 per hour. *See* Local Rule App. B (D. Md. 2016). Therefore, a fee of $379 an hour is reasonable given the range of prices an experienced lawyer such as Hawkins could have charged. The Court also finds that the amount of hours dedicated to this case were reasonable given the fact that there was only one Plaintiff and one Defendant. Therefore, the Court finds that the record substantiates an award of $985.40 in attorneys' fees.

Hawkins's affidavit also substantiates the following expenses: $150.00 for service of process and $400 for filing fees. ECF No. 9 ¶ 9. Therefore, Plaintiff is awarded $550.00 in expenses.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 6, is **GRANTED**. Judgment will be entered in favor of Plaintiff in the amount of $ 10,384.21, broken

down as follows: $3,954.99 in delinquent contributions; $2,094.72 in interest; $2,319.10 in liquidated damages; $480.00 in audits fees and $1,535.40 in attorney's fees and costs.  Pursuant to 28 U.S.C. § 1961, post-judgment interest shall continue to accrue until the judgment is satisfied.

A separate Order follows.

Dated: January 6 , 2017

GEORGE J. HAZEL
United States District Judge